## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

_____

**DORAN CHRISTIAN CARVALHO,**        :

                              :  **CIVIL ACTION NO. 11-01995**

       **Plaintiff**        :

                              :         **(Mannion, J.)**

       **v.**        :

                              :

**BRYAN BLEDSOE, et al.**        :

                              :

       **Defendants.**        :

_____:

## PLAINTIFF CARVALHO'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION IN LIMINE

Respectfully submitted,

*/s/ Angus Love*

Angus Love, Esq.,
Attorney ID No. PA 22392
Pennsylvania Institutional Law Project
718 Arch Street, Suite 304S
Philadelphia, PA 19106
T:  215-925-2966
F:  215-925-5337

*/s/Alexandra Morgan-Kurtz*
Attorney ID No. PA 312631
Pennsylvania Institutional Law Project
100 Fifth Ave, Ste 900
Pittsburgh, Pa 15222
T: 412-434-6175

*Attorneys for Plaintiff Doran Carvalho*

Plaintiff Doran Carvalho brings this civil rights action pursuant to 42 U.S.C. § 1983.  Mr. Carvalho alleges that his Eighth Amendment rights were violated by Defendant when he unreasonably restrained him without penological justification. Mr. Carvalho's criminal convictions have no probative value for the issues in this case.[1]  Moreover, any evidence concerning Mr. Carvalho's convictions, sentence, and misconducts should be excluded because the risk of unfair prejudice substantially outweighs any probative value for the issues to be decided at trial.

## A. Mr. Cavalho's Convictions Should be Excluded Under FRE 403

Only evidence that is relevant is admissible.  Fed. R. Evid. 402.  Evidence is relevant if it has "any tendency to make a fact that is of consequence in determining the action more or less probable than it would be without the evidence." Fed. R. Evid. 401. Here, evidence of the crimes for which Mr. Carvalho was convicted, the length of his sentence, the duration of that incarceration, and any misconducts he has received have no bearing on the issues before the Court, which relate solely to the Defendant's actions in restraining him without reason.

Even if Mr. Carvalho's convictions were relevant, they should still be excluded because their prejudicial effect would be massive and irreparable. Under

---

[1] Mr. Carvalho's criminal convictions include a federal conviction for illegal possession of a firearm, for which he completed his sentence in 2016, and state convictions for burglary, carjacking, robbery, larceny, indecent exposure, credit card fraud, and check fraud, for which he completed his sentences prior to 2002.

Federal Rule of Evidence 403, relevant evidence may be excluded when its probative value is substantially outweighed by the danger of unfair prejudice. *Johnson v. Elk Lake School District*, 283 F.3d 138, 144 (3d Cir. 2002). Upon learning of Mr. Carvalho's convictions, jurors may be unwilling to award him damages, focusing instead on the acts that led to his imprisonment. *See Green v. Bock Laundry Mach. Co.,* 490 U.S. 504 (1989) ("Evidence that a litigant . . . is a convicted felon tends to shift a jury's focus from the worthiness of the litigant's position to the moral worth of the litigant himself."); *Tabron v. Grace*, 898 F. Supp. 293, 296 (M.D. Pa. 1995) (explaining that a robbery conviction prejudices a jury). Thus, Mr. Carvalho's convictions should be excluded because it "is not worth the problems that its admission may cause, e.g. unfair prejudice, confusion of the issues, [or] misleading the jury. . . ." *Coleman v. Home Depot, Inc.,* 306 F.3d 1333, 1343 (3d Cir. 2002).

### B. Mr. Carvalho's Convictions Should Also Be Excluded Under FRE 609

Evidence of Mr. Carvalho's prior criminal convictions is inadmissible for impeachment purposes. Under Federal Rule of Evidence 609, there are several limitations on the admissibility of evidence of criminal convictions for the purpose of attacking a witness's character for truthfulness. First, a conviction must either be for a crime punishable by more than one year in prison or a crime that involves "a dishonest act or false statement," i.e., *crimen falsi*. Fed. R. Evid. 609(a); *see also Walker v. Horn*, 385 F.3d 321, 333 (3d Cir. 2004). Second, if the conviction is not

for a *crimen falsi*, it is subject to the Rule 403 balancing test. Fed R. Evid. 609(a)(1), 403. Third, a conviction that is more than ten years old—even if it is for a *crimen falsi*—is not admissible unless "its probative value, supported by specific facts and circumstances, *substantially outweighs its prejudicial effect*." Fed R. Evid. 609(b) (emphasis added).

### 1.  Mr. Carvalho's firearm conviction should be excluded.

Mr. Carvalho's conviction for illegal possession of a firearm should be excluded as impeachment evidence. "A blanket assumption that any felony conviction is relevant for impeachment purposes in any case would seem to render meaningless the deliberate insertion of Rule 403's balancing test into Rule 609(a)(1)." *Tabron*, 898 F. Supp. at 294. Possession of a firearm "does not involve communicative or expressive dishonesty," and it therefore is not a *crimen falsi*. *See Walker*, 385 F.3d at 334.

In determining whether to admit evidence of a conviction under Rule 609(a)(1), courts should weigh four factors against the potential for prejudice should the conviction be admitted: "(1) the nature of the conviction; (2) the time elapsed since the conviction; (3) the importance of the witness's testimony to the case; and (4) the importance of credibility to the claim at hand." *Sharif v. Picone*, 740 F.3d 263, 272 (3d Cir. 2014). The probative value of Mr. Carvalho's firearm possession conviction is minimal. Even violent crimes generally do not reflect directly on

credibility. *See, e.g., United States v. Hill*, 550 F. Supp. 983, 990 (E.D. Pa. 1982) ("Acts of assault, force or intimidation do not directly indicate an impairment of a witness' character for veracity."). The time factor also weighs in Mr. Carvalho's favor. Although he only completed his prison sentence in 2016, the conviction itself is more than 15 years old. *See, e.g., United States v. Paige*, 464 F. Supp. 99, 100 (E.D. Pa. 1978) (finding eight-year-old conviction had only limited probative value).

The final two factors, the importance of the witness's testimony to the case and the importance of credibility to the claim at hand, overlap. *Sharif*, 740 F.3d at 273. Although Mr. Carvalho's testimony is important to the case, many of the key facts to which he will testify are supported by documentary evidence and are not in dispute. Moreover, even where "credibility [is] the key factor in a case," a conviction should be excluded when, as here, its probative value is minimal. *See id.*

2.  Mr. Carvalho's other convictions should also be excluded.

Mr. Carvalho's other convictions should also be excluded as impeachment evidence because he completed his imprisonment for these convictions well over ten years ago. Rule 609(b) bars the use of such convictions for impeachment purposes except in the rare situation where their "probative value, supported by specific facts and circumstances, substantially outweighs [their] prejudicial effect." Fed. R. Evid. 609(b); *see also Grammenos v. Allstate Ins. Co.*, No. 07-2725, 2009 U.S. Dist. LEXIS 37024, at *3 (E.D. Pa. Apr. 30, 2009) ("Fed. R. Evid. 609(b) 'made it

crystalline that the District Court was only to depart from the prohibition against the use for impeachment purposes of convictions more than ten years old very rarely and only in exceptional circumstances.'" (citing *United States v. Cavender*, 578 F.2d 528, 530 (4th Cir. 1978) (citing legislative history))).

Mr. Cavlaho's other convictions are not probative of his credibility, especially since they are so remote in time. *See Walker*, 385 F.3d at 334; *Sharif*, 740 F.3d at 273. Although Mr. Carvalho's fraud, and possibly larceny, convictions are *crimen falsi*, they should nonetheless be excluded, as "[a]ny conviction of at least ten years old presumptively prejudices a defendant under [Rule 609(b)]." *See Grammenos*, 2009 U.S. Dist. LEXIS 37024, at *4 (quoting *United States v. Beahm*, 664 F.2d 414, 418 (4th Cir. 1981)). There are no specific facts or circumstances here that would warrant a departure from the general presumption against the use of convictions that are more than ten years old. *See Grammenos*, 2009 U.S. Dist. LEXIS 37024, at *3 (finding an insurance fraud conviction more than ten years old inadmissible even though "credibility [would] most likely be a key issue in th[e] case").

## **CONCLUSION**

For the reasons discussed above, Defendants should not be permitted to introduce any evidence of Mr. Carrvalho's prior criminal conviction, sentence, length of incarceration, and the misconducts he has received while incarcerated.